UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
                                                        :
RANDY A. SHRACK                                         :          3:16 CV 2064 (RMS)
                                                        :
V.                                                      :
                                                        :
ANDREW SAUL,                                            :
COMMISSIONER                                            :
OF SOCIAL SECURITY[1]                                   :          DATE: JAN. 23, 2020
                                                        :
------------------------------------------------------- x

RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)(1) (DOC. NO. 39)

I.   PROCEDURAL BACKGROUND

On or about May 10, 2013, the plaintiff filed an application for social security disability insurance benefits claiming he has been disabled since July 18, 2007. (Doc. No. 15, Certified Transcript of Administrative Proceedings, dated February 21, 2017 ["Tr."] 219-220, 231; *see* Tr. 122). On June 5, 2015, a hearing was held before and Administrative Law Judge ["ALJ"] (Tr. 36-89), and on September 25, 2015, the ALJ issued an unfavorable decision denying the plaintiff's claim for benefits. (Tr. 16-35). On October 19, 2016, the Appeals Council denied the plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-5).

On December 15, 2016, the plaintiff, through counsel, commenced this action (Doc. No. 1), and on March 31, 2017, defendant, then-Acting Commissioner of Social Security, Nancy A.

---

[1] The plaintiff commenced this action against Nancy A. Berryhill, as Acting Commissioner of Social Security. (Doc. No. 1). On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. Because Nancy A. Berryhill was sued in this action only in her official capacity, Andrew M. Saul is automatically substituted for Nancy A. Berryhill as the named defendant. *See* FED. R. CIV. P. 25(d). The Clerk of the Court shall amend the caption in this case as indicated above.

Berryhill, filed her answer and administrative transcript. (Doc No. 15). On April 26, 2017, the case was transferred to Magistrate Judge Joan G. Margolis upon consent of the parties (Doc. No. 20; *see* Doc. No. 19), and on May 1, 2018, the case was reassigned to this Magistrate Judge. (Doc. No. 36).

On June 7, 2018, the Court issued a Ruling granting in part the plaintiff's Motion to Reverse the Decision of the Commissioner and remanding the case. (Doc. No. 37). On June 8, 2018, judgment entered in accordance with the Ruling. (Doc. No. 38). Following remand, the Appeals Council remanded the matter to the Office of Hearing Operations in Hartford, CT, and on September 23, 2019, following a full hearing, ALJ Edward J. Sweeney issued a fully favorable decision, finding the plaintiff disabled from July 18, 2007 forward. (Doc. No. 39 at 2; *see* Doc. No. 39, Ex. 1). Thereafter, on December 28, 2019, the Social Security Administration issued a notice detailing the amount due to the plaintiff, which totals $115,969.50, in retroactive benefits. (Doc. No. 39, Ex. 1 at 3).

On December 31, 2019, the plaintiff filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (Doc. No. 39). The plaintiff requests that $28,997.88 be awarded to counsel, representing 25% of the total past-due benefit, in accord with the retainer agreement executed by the plaintiff on April 29, 2014. (Doc. No. 39, Ex. 2). Twenty-five percent of the total award of $115,969.50 is $28,992.37, thus, the Court will consider this figure as the operative amount. The plaintiff's counsel advises the Court that, should this Motion be granted, he "will waive any and all claims for fees related to work before the agency under 42 U.S.C. § 406(a)." (Doc. No. 39 at 2). The defendant has not filed an objection to the plaintiff's motion.

For the reasons stated below, the plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b)(1) (Doc. No. 39) is GRANTED in the amount of $28,992.37.

II.       LEGAL STANDARD

Pursuant to 42 U.S.C. § 406(b)(1), "'[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of the judgment a reasonable fee for such representation,' but that fee may not exceed '25 percent of the total of the past-due benefits to which the claimant is entitled.'" *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 321-22 (S.D.N.Y. 2007) (quoting 42 U.S.C. § 406(b)(1)(A)). Thus, attorney fee awards under section 406(b) of the Social Security Act are paid directly out of the plaintiff's past benefits due to his attorney pursuant to the terms of a contingency agreement. 42 U.S.C. § 406(b)(1)(A); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 795-76 (2002); *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (holding that "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluation a reasonable fee under § 406(b)."); *Gray v. Berryhill*, No. 15 CV 949-A, 2018 WL 5924747, at *2 (W.D.N.Y. Nov. 13, 2018) (holding that "[f]ees requested pursuant to § 406(b) come from the attorney's client's recovery. They do not come, as they do in the EAJA context, from the public fisc.").

The effect of section 406(b) "is threefold. It fix[es] a maximum percentage for contingent fees; [it] permit[s] recovery of such fees only out of past due benefits; and [it] require[s] court approval for whatever amount of such fees should be paid." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988) (citations & internal quotation marks omitted). Accordingly, when considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the contingency in the context of the particular case; and the best indicator of 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculation." *Wells*, 907 F.2d at 371.

There are several factors that the Court considers when determining the reasonableness of a fee sought pursuant to section 406(b): "(1) whether the requested fee is out of line with the 'character of the representation and the results of the representation achieved;' (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether 'the benefits awarded are large in comparison to the amount of the time counsel spent on the case.'" *Sama v. Colvin*, No. 3:10 CV 1268 (VLB)(TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (additional citation omitted)). "[A] reduction in the agreed-upon contingency amount should not be made lightly[,]" *Blizzard*, 496 F. Supp. 2d at 325, and is appropriate only "when [the court] finds the amount to be unreasonable." *Wells*, 907 F.2d at 371 (citations omitted).

III. DISCUSSION

On April 29, 2014, the plaintiff signed a retainer agreement with his counsel in which he agreed that the fees charged by his counsel for his work before the Social Security Administration and the federal court would not exceed 25% of past due benefits. (Doc. No. 39, Ex. 2).

Turning to the *Sama* factors, first, there is no evidence that the fee sought is out of line with the "character of the representation and the results the representation achieved." *Sama*, 2014 WL 2921661, at *2. The plaintiff sought and obtained a Sentence Four remand, and the plaintiff received a fully favorable result upon remand.

Second, there is no evidence that the plaintiff's counsel unreasonably delayed the proceedings in an attempt to increase both the accumulation of benefits and his fee. Although the plaintiff sought two extensions of time to file his brief, such requests were reasonable given the current work load for this plaintiff's counsel who practices exclusively in the field of Social

4

Security. Moreover, the plaintiff was notified of the Commissioner's favorable award on December 28, 2019 (Doc. No. 39, Ex. 1), and the plaintiff's counsel filed his section 406(b) fee application just three days later. *See Sinkler v. Berryhill*, 932 F.3d 83, 84, 89 (2d Cir. 2019) (holding that the section 406(b) fee applications must be filed within fourteen days after the claimant is notified of the Commissioner's decision, although the "fourteen-day limitations period is not absolute" and "district courts are empowered to enlarge that filing period where circumstances warrant").

Third, the plaintiff's counsel spent 44.20 hours working on this case, which is particularly reasonable given the 1,600-page transcript. (Doc. No. 39 at 5). The plaintiff's counsel did not seek an award of fees pursuant to the Equal Access to Justice Act, thus the fee now requested pursuant to section 406(b) equates to an hourly rate of $655.93 ($28,992.37/44.20), which is lower than other section 406(b) awards approved in this Circuit. *See Buckley v. Berryhill,* No. 15-CV-0341-A, 2018 WL 3368434, at *2-3 (W.D.N.Y. July 10, 2018) (approving de facto hourly rate of $1,000.00); *Cieslik v. Berryhill*, No. 14-CV-430-A, 2018 WL 446218, at *3 (W.D.N.Y. Jan. 17, 2018) (approving de facto hourly rate of $792.45); *Sama*, 2014 WL 2921661, at *4 (approving hourly rate of $785.30); *Joslyn*, 389 F. Supp. 2d at 455-57 (approving total award of $38,116.50 for 42.75 hours of work, which equates to an hourly rate of $891.61); *Destefano v. Astrue*, No. 05 CV 3534 (NGG), 2008 WL 623197, at *6 (E.D.N.Y. Mar. 4, 2008) (approving section 406(b) fee award with hourly rate of $849.09), report and recommendation adopted, 2008 WL 2039471 (May 9, 2008). Accordingly, the fee requested is reasonable and would not be a windfall to the plaintiff's counsel. *See Sama*, 2014 WL 2921661, at *2 (holding that the court must consider whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case.).

Thus, "keeping in mind the deference owed to the agreement between the attorney and the plaintiff, the interest in assuring that attorneys continue to represent clients such as the plaintiff, and the lack of any factor indicating that the requested award would result in a windfall to the attorney," *Joslyn*, 389 F. Supp. 2d at 457 (multiple citations omitted), this Court concludes that the requested attorney's fee of $28,992.37, representing 25% of $115,969.50, is reasonable.

IV. <u>CONCLUSION</u>

For the reasons stated below, the plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b)(1) (Doc. No. 39) is GRANTED in the amount of $28,992.37

SO ORDERED at New Haven, Connecticut the 23rd day of January, 2020.

                                                      /s/ Robert M. Spector_____
                                                      Robert M. Spector
                                                      United States Magistrate Judge